IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUFROSINA DIACONU | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF DEFENSE | : | NO. 03-3405 |

MEMORANDUM AND ORDER

**Norma L. Shapiro, S.J.**                                                                November 14, 2005

Plaintiff Eufrosina Diaconu ("Diaconu") is a former employee of the Defense Logistics Agency ("DLA") Defense Personnel Supply Center ("DPSC"), a division of the Department of Defense ("DOD"). On May 16, 2003, Diaconu, filing a pro se complaint in the Northern District of California, where she then resided, alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and requested a non-jury trial.[1] The action was transferred to this court for improper venue. Diaconu alleges that the DOD: (1) failed to process her April 21, 1995 administrative complaint; (2) failed to process and forward to the United

---

[1] In her Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, Diaconu states that "[t]he instant case IS NOT a TITLE VII employment discrimination and retaliation case because effective 05/05/95 plaintiff was no longer a civilian federal government employee. . . THE INSTANT CASE IS ABOUT THE CIVIL RIGHTS ACT OF 1964 AND ITS 1991 AMENDMENT PROHIBITED ACTS OF DISCRIMINATION AND RETALIATION COMMITTED BY DLA/DPSC AGAINST PLAINTIFF AFTER SHE WAS NO LONGER ONE OF ITS CIVILIAN EMPLOYEES." Pl.'s Opp'n at 2. There is no other title of the Civil Rights Act that would cover discriminatory or retaliatory actions against former employees. The court will consider Diaconu's claims under Title VII.

States Department of Labor her April 25, 1995 workers' compensation claim for injury;[2] (3) failed to process Diaconu's May 3, 1995 retaliation complaint; and (4) failed correctly to investigate her November 11, 1999 "Formal Retaliation Complaint," all because of her sex (female), national origin (Romanian), and in retaliation for prior EEO activity.   Before the court is the DOD Motion for Summary Judgment.  The court will grant the motion because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law.  An appropriate Order follows.

**I. BACKGROUND**

Diaconu was employed as an environmental engineer by the DLA, in Alameda, California, and then in Philadelphia, between 1985 and 1995.  Diaconu was terminated on May 5, 1995, for alleged insubordination, defiance of constituted authority, breach of safety, and rude and discorteous conduct.  Ex. 1 to Pl.'s Mot. in Limine and Mot. in Opposition to Dismiss for Improper Venue; Def.'s Ex. 2A and 2B.

Diaconu's documented difficulties with the DOD began before October 1991, when she filed an EEO complaint alleging discrimination based on national origin and sex and retaliation for filing a prior EEO complaint.  The complaint was investigated and dismissed; on appeal, the EEOC affirmed the decision of the DOD's EEO office.  Diaconu v. Aspin, Appeal No. 01933584, 1994 EEOPUB LEXIS 2118 (EEOC Jan. 11, 1994) (Def.'s Ex. 1-A).

In June 1993, Diaconu filed another EEO complaint against DLA that alleged

---

[2] Diaconu's complaint states the date of her workers' compensation claim as 4/25/05, but subsequent pleadings make it clear that this was a typographical error.  See, e.g., Plaintiff's Mot. for Summ. J. at 8.

discriminatory failure to promote her to a certain position; the EEOC finally denied her appeal in 1998. See Diaconu v. Cohen, Appeal No. 01950488, 1998 EEOPUB LEXIS 1396 (EEOC March 12, 1998) (Def.'s Ex. 1-B).[3]

On April 21, 1995, Diaconu had written to George Allen, Deputy Commander of DPSC, to protest the classification of her position. Ex. 4 to Pl.'s Mot. for Summ. J. Diaconu refers to this letter as an "administrative complaint." Allen responded on May 15, 1995 that he had been informed her employment had been terminated, but the Office of Human Resources would respond to her "in the very near future." Pl.'s Ex. 3. Diaconu heard nothing more about her administrative complaint.

On April 25, 1995, Diaconu, through counsel, submitted a Workers' Compensation claim

---

[3] In the meantime, Diaconu had also filed two lawsuits alleging discrimination by the DOD. In Diaconu v. Defense Logistics, E.D. Pa., Civil Action No. 94-7273, Diaconu alleged discrimination, harassment, threats of and reprisals, conspiracy, defamation, tortious and wrongful suspension, negligent hiring, promotion and supervision, misrepresentation, deceit, breach of implied covenants of good faith and fair dealing and intentional infliction of mental and emotional distress by DLA. In May 1995 the case was dismissed on the government's unopposed motion to dismiss. An appeal was dismissed as untimely. In January 1996, Diaconu filed Diaconu v. Perry, E.D. Pa., Civil Action No. 96-0214, alleging that DLA-DSCP discriminated against her on the basis of her national origin, gender, and age and retaliated against her for activity protected by Title VII and the Whistleblower Protection Act by various employment actions during the 1993-95 period, including her removal. The court in that case granted the government's motion for summary judgment on the claims of national origin discrimination, age discrimination, retaliation for activity protected by Title VII, intentional interference with advantageous contractual relations and the Whistleblower Protection Act claim. Diaconu v. Perry, 1996 WL 665504 (E.D. Pa. Nov. 8, 1996). A jury subsequently rendered a verdict against Diaconu on her claim of sex discrimination. An unrelated third lawsuit alleging negligence and Bivens claims arising from alleged environmental exposure to hazardous substances was filed in 1998 by Diaconu and a co-plaintiff. The claims were dismissed as barred by the statute of limitations. See Diaconu v. Defense Logistics Agency, 1999 WL 238954 (E.D. Pa. Apr. 2, 1999) (Def.'s Ex. 8A). Diaconu's subsequent motion for reconsideration was denied. Order of May 3, 1999 in Diaconu v. Defense Logistics Agency, E.D. Pa., Civil Action 98-6533 (Def.'s Ex. 8B.).

for acute psychological and emotional stress and anxiety disorder from her employment. Pl.'s Ex. 2. She requested DLA to obtain her supervisor's signature, as she had not personally submitted the form for his signature. Id. On July 14, 1996, she wrote her former supervisor to ask him to complete the Supervisor's Report because she had been told that the form could not be forwarded to the Department of Labor without it. Pl.'s Ex. 6.[4] Nothing happened.

On May 3, 1995, after she was notified of her termination, Diaconu wrote the EEO counselor at DPSC to complain that her termination was unjustified, although she did not specify violations of any civil rights laws. Pl.'s Ex. 1.[5] Diaconu claims there was no response.[6]

On April 24, 1998, Diaconu wrote to the EEOC requesting action on her June 1993 complaint. Pl.'s Ex. 10. The EEOC treated the letter as a request for reconsideration (a choice she protested, see Pl.'s Ex. 9), and reaffirmed in October 1999. Diaconu v. Cohen, Appeal No. 01950488, 1999 EEOPUB LEXIS 6005 (EEOC Oct. 22, 1999) (Def.'s Ex. 1-C).

The EEOC found that Diaconu's arguments for reconsideration related to new matters not previously raised, which required filing a new complaint. Def's Ex. 1-C.[7] On November 11,

---

[4] The DOD avers that it has no record of such a claim being filed. Def.'s Ex. 16, 17.

[5] The DOD avers that it has no record of this complaint. Def.'s Ex. 15.

[6] Diaconu separately appealed her termination to the Merit Systems Protection Board ("MSPB") in May 1995; her appeal was denied. Def's Ex. 3. In December 1995, the Board granted Diaconu a waiver of the time limit for filing a petition for review; it also notified Diaconu of her right to request EEOC review of her discrimination claims, to file a civil action, or alternatively to appeal the Board's decision to the Federal Circuit. Diaconu v. Dep't of Defense, 1995 MSPB Lexis 1914 (Dec. 13, 1995).

[7] In a footnote, the EEOC advised the agency that if Diaconu requested EEO counseling within 15 days of the date she received the decision, her initial EEO contact would be referred back to the date of the "appeal statement in which she raised" the new allegations. Def.'s Ex. 1-C. In this case, the "appeal statement" is Diaconu's letter of April 24, 1998. The April 1998

1999, Diaconu filed a complaint of discrimination and retaliation with the EEO office at DLA.[8] Pl.'s Ex. 11 (cover letter); Def's Ex. 14.  It alleged discrimination on the basis of race, color, sex and national origin as well as retaliation for prior EEO activity.  It asserted for the first time that DLA failed to process Diaconu's 4/21/1995 letter protesting the classification of her position and her workers' compensation claim of 4/25/1995.  All the allegations in this complaint related to adverse actions Diaconu had suffered before May, 1995; the DLA EEO Office dismissed the complaint as untimely on May 25, 2001.  Def.'s Ex. 10 at 3.[9]  Diaconu appealed the dismissal by letter dated July 1, 2001.  Def's Ex. 11.  The EEOC affirmed the dismissal on January 29, 2002.  Def.'s Ex. 1-D.  Diaconu then submitted comments to the EEOC on March 26, 2002.  The EEOC considered the comments a request for reconsideration and denied it on October 3, 2002, but notified Diaconu of her right to file suit in federal court within 90 days of receiving the denial.  Def.'s Ex. 1-E.  Diaconu timely filed this action.

## II. DISCUSSION

DLA moves for summary judgment for lack of subject matter jurisdiction, timeliness, failure to state a claim, res judicata, and collateral estoppel.

---

letter does not raise any of the allegations in this action and cannot count as the initial EEO contact for any of them.

[8] The parties disagree on whether this filing qualified as a "formal" complaint; their disagreement is immaterial for purposes of this motion.

[9] The claims related to the processing of her EEO complaint were also dismissed pursuant to 29 C.F.R. § 1614/107(a)(8), providing that agencies shall dismiss a complaint "that alleges dissatisfaction with the processing of a previously filed complaint." 29 C.F.R. § 1614.107(a)(8).

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Only a factual dispute that might affect the outcome under governing law precludes the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When reviewing a motion for summary judgment, a court must evaluate the facts in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. Id. at 255.  The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could reasonably find for the nonmovant. Anderson, 477 U.S. at 252.

**a. Subject matter jurisdiction**

The DOD argues that Diaconu's failure to exhaust administrative remedies deprives the court of subject matter jurisdiction.  Failure to exhaust administrative remedies does not deprive the district court of subject matter jurisdiction, but is treated as a failure to state a cause of action. Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).

**b. The alleged discriminatory actions taken in 1995**

Under Title VII, a plaintiff must exhaust available administrative remedies before filing suit in federal court. Robinson, 107 F.3d at 1020.  Timely exhaustion of remedies "requires both consultation with an agency counselor and filing a formal EEOC complaint within the required times." Robinson, 107 F.3d at 1021.  Under current EEO regulations, a plaintiff must initiate contact with an EEO counselor within 45 days of the alleged discriminatory conduct. See 29 C.F.R. § 1614.105.  The 45-day period should be extended only where the aggrieved person was not aware of the time limitations or prevented from timely contact despite due diligence. 29

6

C.F.R. § 1614.105(a)(2); <u>Johnson v. Gober</u>, 83 Fed. Appx. 455, 460-61 (3d Cir. 2003).

There is no genuine issue of material fact regarding timeliness. The alleged discriminatory actions are DLA's failure to process an April 21, 1995 administrative complaint, an April 25, 1995 workers' compensation claim, and a May 3, 1995 reprisal complaint. They occurred over three years before Diaconu's EEO complaint of November 1999. <u>See</u> Def.'s Ex. 14. Diaconu argues that she made the prescribed initial EEO contact on July 14, 1996, by copying the DLA EEO Office on a letter she sent her supervisor, John Bravo. The letter complained that he had not yet signed her workers' compensation claim and threatened him with legal action, but did not attempt to articulate reasons for the alleged discrimination.[10] The letter was not an initial EEO contact. <u>See, e.g.</u>, <u>Burton v. Batista</u>, 339 F. Supp. 2d 97, 112 (D.D.C. 2004) (memorandum copied to EEO Office did not qualify as initial contact). Diaconu admitted in her November 1999 EEO complaint that "[t]his issue was never before brought to the EEO DLA-DPSC's attention because [Diaconu] was still waiting for the agency to process her claim." Def.'s Ex. 14. Diaconu clearly did not contact the EEO within 45 days of the alleged discriminatory conduct.

There is no reason to extend the 45-day period. Diaconu had availed herself of the EEO process in the past and was familiar with it. Diaconu alleges that the DPSC EEO office, by its inaction, "sabotaged [her] opportunity to file the formal complaint sooner than she did," but the date of her formal complaint is not the issue. Diaconu has produced no evidence she was

---

[10] The letter reads in relevant part: "unless you want me to keep filing suits against you and DPSC, please complete the Form CA-2. Beware, refusing to process the subject claim could also be ground for a new EEO complaint against you and DPSC. Do you really want that?" Pl.'s Ex. 6.

prevented from requesting EEO intervention in any form.   See Anderson, 477 U.S. at 256 (the party moving for summary judgment has the burden of showing the absence of a genuine issue of fact, but the plaintiff is not relieved of his burden of producing in turn evidence supporting a decision in his favor).

Diaconu's claims regarding alleged agency misconduct in 1995 must be dismissed because Diaconu did not contact an EEO counselor about them within the 45-day period prescribed by the statute.[11]

**c. The DLA's alleged failure to investigate Diaconu's EEO complaint in 1999**

If an EEO claimant alleging discrimination under Title VII is dissatisfied with the disposition of her claim, her remedy is to seek de novo review of that decision in federal court. See 42 U.S.C. § 2000e-16.   The EEOC regulations reflect this: agencies must dismiss a complaint "that alleges dissatisfaction with the processing of a previously filed complaint." 29 C.F.R. § 1614.107(a)(8).  De novo review of the plaintiff's discrimination claims in federal court is an adequate remedy for any deficient treatment of her discrimination claim.  Adams v. U.S. E.E.O.C., 932 F. Supp. 660, 663 (E.D. Pa. 1996).  Only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review" under the Administrative Procedure Act. 5 U.S.C. § 704.  Because de novo review of the merits is an adequate remedy for any deficiency in an agency's disposition of a discrimination or retaliation claim, the manner in which the agency handled Diaconu's EEO complaint is not independently reviewable in federal court.   Diaconu's allegation that DLA did

---

[11] Because these claims are dismissed on timeliness grounds, there is no need to discuss their merits.

not investigate Diaconu's "Formal Retaliation Complaint filed on 11/11/99" fails to state a claim.

**IV. CONCLUSION**

The court has jurisdiction over the subject matter but will grant summary judgment because Diaconu failed to exhaust her administrative remedies timely with respect to the three alleged discriminatory actions that occurred in 1995 (DLA's failure to process the 5/3/95 complaint of reprisal; the 4/25/95 workers' compensation claim; and the 4/21/95 administrative complaint). As de novo review of Diaconu's 1999 retaliation complaint is an adequate remedy for any deficiency in the DLA's investigation of it, there is no independent judicial review of DLA's alleged improper processing of the 1999 complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUFROSINA DIACONU** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| v. | : | |
| | : | |
| **DEPARTMENT OF DEFENSE** | : | NO. 03-3405 |

## JUDGMENT ORDER

AND NOW, this 14th day of November, 2005, it is **ORDERED** that:

1. The Motion for Summary Judgment of Defendant Secretary of the Department of Defense (Paper #52) is **GRANTED**.

2. Judgment is entered in favor of the Department of Defense against Eufrosina Diaconu.

/s/ Norma L. Shapiro
S.J.